**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERRY DARRELL SMITH, | No. 11-36012 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-01235-MO |
| v. | |
| U.S. MARSHALS SERVICE; OFFICE OF INFORMATION AND PRIVACY OF THE UNITED STATES DEPARTMENT OF JUSTICE, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted April 16, 2013[**]

Before: CANBY, IKUTA, and WATFORD, Circuit Judges.

Terry Darrell Smith, an Oregon state prisoner, appeals pro se from the

district court's summary judgment in his Freedom of Information Act ("FOIA")

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

action arising from Smith's request for documents relating to his extradition from Cambodia. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's determination that a FOIA exception applies, *Shannahan v. IRS*, 672 F.3d 1142, 1148 (9th Cir. 2012), and we affirm.

The district court properly granted summary judgment because the document and information withheld in response to Smith's FOIA request are protected by the deliberative process privilege. *See* 5 U.S.C. § 552(b)(5) (exempting from disclosure "interagency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency"); *Nat'l Wildlife Fed'n v. U.S. Forest Serv.*, 861 F.2d 1114, 1118 (9th Cir. 1988) ("[E]xemption 5 'was intended to protect not simply deliberative *material* but also the deliberative *process* of agencies.'" (citation omitted)).

The district court properly granted summary judgment to the extent that the government redacted the names and contact information of government agents, employees, and third parties as release of this information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C); *see also Lahr v. Nat'l Transp. Safety Bd.*, 569 F.3d 964, 978-79 (9th Cir. 2009) (concluding that the "marginal additional usefulness" of the release of

the names of government agents and third parties was outweighed by the privacy interests at stake).

Smith's request for *in camera* review, set forth in his briefs, is denied. *See Lion Raisins v. U.S. Dep't of Agric.*, 354 F.3d 1072, 1079 (9th Cir. 2004) (*in camera* inspection of documents withheld under a FOIA exemption should "not be resorted to lightly" and is disfavored where "the government sustains its burden of proof by way of its testimony or affidavits").

**AFFIRMED.**